IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Demetrius Alexander Brown, )<br>                                    )<br>            Plaintiff,           )<br>                                    )<br>    v.                              )<br>                                    )<br>Sumter County Commissioner; Sheriff )<br>Anthony Dennis; Chief Gardner; Director )<br>Ray; Major Lumpkin; Lt. Martin;     )<br>Lt. McMillan; Sgt. Alston; Det. Bonner; )<br>Sr. Cpl. Thompson; Sr. Cpl. Howell;  )<br>Sr. Cpl. Glisson; and Linda McCreary, )<br>                                    )<br>            Defendants.              )<br>_____) | Civil Action No. 4:22-cv-00012-TMC<br><br>**ORDER** |

Plaintiff Demetrius Alexander Brown ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983 alleging various constitutional claims. (ECF No. 10). The claims in this action stem from Plaintiff's pretrial detention at the Sumter-Lee Regional Detention Center ("SLRDC"). *Id.* at 45. Since filing this action, however, Plaintiff was convicted on a murder charge[1] and is no longer detained at SLRDC, having been transferred to Kirkland Correctional Receipt and Evaluation, (ECF No. 19), and then to Turbeville Correctional Facility, (ECF No. 40). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

**Background and Report**

---

[1] *See* Sumter County Public Index, https://publicindex.sccourts.org/Sumter/PublicIndex/PISearch.aspx (enter "Demetrius Alexander Brown" and 2018A4310100670) (last visited Mar. 13, 2023).

On January 14, 2022, the magistrate judge entered an order granting Plaintiff twenty-one (21) days in which to bring the case into proper form. (ECF No. 7). In the order, the magistrate judge advised Plaintiff that his "complaint, as currently filed, [was] subject to partial summary dismissal as it fail[ed] to state a claim upon which relief [could] be granted against all defendants and claims" and identified numerous specific deficiencies in the complaint. *Id*. at 1–4. Plaintiff was given twenty-one days to file an amended complaint curing the specified deficiencies. *Id*. at 4. On February 7, 2022, Plaintiff filed a 50-page Amended Complaint. (ECF No. 10). The Amended Complaint purports to add numerous defendants (bringing the total to thirteen (13) defendants) but reasserts many of the same factual allegations and claims. *Id*. Plaintiff's Amended Complaint appears to raise claims that his right to access the courts was denied by the Defendants, *id*. at 11–20; that his right to privacy was abridged when he was strip searched and when his cell was searched outside of his presence, *id*. at 20–25; that Defendants violated various liberty interests created by state standards for local detention facilities, *id*. at 26–30; and that he was deprived of due process in connection with disciplinary hearings at SLRDC, *id*. at 30–40.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss Plaintiff's action without issuance and service of process as to every Defendant except Sgt. Alston. (ECF No. 21). Specifically, with respect to Plaintiff's claim that he was denied access to the courts because SLRDC does not have a law library and has not provided him adequate assistance from someone "trained in the law," the magistrate judge concluded that Plaintiff's amended complaint fails to state a claim because "Plaintiff has an attorney in his current criminal case and is awaiting trial." *Id*. at 3 (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). The magistrate judge further noted that Plaintiff is a detainee in a local detention center "designed for temporary detainment" and "generally not required to

have a law library." *Id*. (citing *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)). To the extent Plaintiff bases his denial of access claim on Defendants' alleged failure to provide him sufficient paper and postage to pursue his claims, the magistrate judge noted Plaintiff is a serial filer of actions who regularly submits "multiple pages, filings, motions, responses, and actions with this court" containing "multiple citations and quotations of cases." *Id*. at 4.

In rejecting Plaintiff's next claim that he was subject to an unconstitutional strip search and an unconstitutional search of his cell, the magistrate judge stated that "the United States Supreme Court upheld strip searches of pretrial detainees, regardless of the charged offense, that involved a close visual inspection of the detainee while undressed." *Id*. (citing *Florence v. Board of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318 (2012)). Next, addressing Plaintiff's claim that he was not given proper notice of three disciplinary hearings related to alleged infractions, the magistrate judge stated that "[e]ven if Plaintiff was not given proper notice, constitutional due process rights are only at issue when the prisoner is deprived a protected liberty interest" and found that "Plaintiff has not pleaded any deprivations of protected liberty interests as canteen access is not a protected liberty interest." *Id*. at 5. Finally, the magistrate judge also rejected Plaintiff's claim that Defendants violated the "SC Minimum Standards of Local Detention Facilities" on the grounds that "[s]ection 1983 vindicates only rights protected by the Constitution or federal laws, not state laws or jail policies." *Id*. (citing *Rehberg v. Paulk*, 566 U.S. 356, 361, (2012); *Chennault v. Mitchell*, 923 F. Supp. 2d 765, 781 (E.D. Va. 2013)). Accordingly, the magistrate judge recommended that Plaintiff's claims be summarily dismissed as to all Defendants except Defendant Alston. With respect to Defendant Alston, the magistrate judge found "Plaintiff's allegations liberally construed are sufficient to withstand summary dismissal," *id*., and authorized service and issuance of a summons by separate order, (ECF No. 20).

**Standards of Review**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas*, LLC, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla*., 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the

magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

## Discussion

Plaintiff first objects to the magistrate judge's conclusions regarding his denial of access claim on the basis that, although he had legal representation on his criminal charges, his criminal defense attorneys were not handling his civil claims in this action. (ECF No. 25 at 1). To the extent Plaintiff is suggesting he is entitled to trained legal counsel, he is incorrect. There is no constitutional right to appointment of counsel in civil cases. *Nicacio Moreno v. Hoey*, No. 1:19-cv-02756-DCC, 2020 WL 3638126, at *2 (D.S.C. July 6, 2020). Although courts may, in their discretion, appoint counsel for *pro se* civil litigants, they should do so "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). No such exceptional circumstances exist here. Plaintiff is no stranger to civil cases and has generally set forth his claims in a coherent manner.

Plaintiff also reasserts that he was denied supplies such as paper and postage necessary to pursue his civil claims and, therefore, was denied access to courts guaranteed by the constitution. (ECF No. 25 at 1–2). In response to the magistrate judge's conclusion that his claim was undercut by the fact that Plaintiff has failed voluminous documents in multiple actions, Plaintiff states that "none of the paper is three ring binder paper" and that he had to "illegally sell . . . meal trays and other things" to obtain the materials to litigate his claims. *Id*. at 2. To state a claim for denial of access to courts, plaintiff must identify with specificity an actual injury resulting from official conduct or show that his efforts to pursue a nonfrivolous legal claim were hindered. *See Lewis v. Casey*, 518 U.S. 343, 351–52 (1996); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). Even if Plaintiff was denied such materials or access to a legal library, he still has failed to plausibly allege in his 50-page amended complaint or six pages of objections—both of which are

full of citations to legal authority—that this denial hindered a nonfrivolous legal proceeding. Thus, the court overrules Plaintiff's objections to the magistrate judge's conclusion that his claim for denial of access to courts should be summarily dismissed.

Plaintiff also objects to the magistrate judge's conclusion that summary dismissal is appropriate as to his claims based on the alleged search of his cell, arguing that *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979), established that he is entitled to observe the search of his cell from a reasonable distance. (ECF No. 25 at 3–4). As the magistrate judge correctly noted, however, pretrial detainees, generally have no right to privacy in their cells, and "detention officers may search them for any reason with or without the inmates being present." *Mitchell v. Forsyth Cnty. Sheriff Off.*, No. 1:17-cv-879, 2020 WL 1539733, at *5 (M.D.N.C. Mar. 31, 2020); *see Hudson v. Palmer*, 468 U.S. 517, 526 (1984) (no expectation of privacy in a prison cell); *Block v. Rutherford*, 468 U.S. 576, 590-92 (1984) (pretrial detainees have no right to be present for cell searches).

With respect to Plaintiff's claim that he was subject to an unconstitutional strip search when Defendants conducted a strip search without probable cause to believe he had contraband concealed in his body cavities, Plaintiff objects to the Report, citing various precedents for the general proposition that prisoners retain a constitutional right to bodily privacy. (ECF No. 25 at 4); see, e.g., *Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir. 1993). This objection is overruled. As the magistrate judge noted, under *Florence v. Bd. of Chosen Freeholders of Cnty. Of Burlington*, 566 U.S. 318 (2012), reasonable suspicion is not required for visual body cavity searches of pretrial detainees. "[T]he mere fact that Plaintiff was subjected to . . . a suspicionless search is not sufficient to state a claim under 42 U.S.C. § 1983." *Hargrove v. Frisby*, No. 1:17-

cv-748, 2018 WL 2937466, at *2 (S.D. Ohio June 12, 2018*), report and recommendation adopted*, No. 1:17-cv-748, 2018 WL 3437074 (S.D. Ohio July 17, 2018).

The Report rejects Plaintiff's claim that he was denied due process because he was not given notice of disciplinary proceedings against him at SLRDC which resulted in the revocation of his canteen privileges; however, as the magistrate judge correctly recognized, Plaintiff does not enjoy a constitutional right to canteen privileges and, therefore, was not deprived of a protected liberty interest. (ECF No. 21 at 5). Plaintiff's objections reassert that Defendants failed to follow the applicable notice requirements but fail to address the dispositive portion of the magistrate judge's conclusions and recommendations as to this claim.

Finally, Plaintiff's objections are overruled to the extent they relate to his claim based on Defendants' alleged failure to follow state or local policies applicable to the SLRDC. (ECF No. 25 at 6). "A claim that prison staff did not follow jail policies or procedures . . . does not state a constitutional claim." *Fortune v. Clarke*, No. 7:19-cv-00481, 2020 WL 5649730, at *3 (W.D. Va. Sept. 22, 2020) (citing *United States v. Caceres*, 440 U.S. 741, 752-55 (1978)). "The failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation." *Johnson v. S.C. Dep't of Corrections*, No. 06–cv-2062, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007). "[A] violation of jail policies alone fails to provide a cause of action under 42 U.S.C. § 1983." *Chennault v. Mitchell*, 923 F. Supp. 2d 765, 781 (E.D. Va. 2013); *see Delaney v. Mullen*, No. 1:17-cv-779 (CMH/TCB), 2018 WL 1137185, at *2 (E.D. Va. Jan. 9, 2018) ("Violations of regional jail policies are not cognizable in a § 1983 suit as they are not rights guaranteed by the Constitution or laws of the United States.").

## Conclusion

Having thoroughly reviewed the Report, the relevant pleadings and Plaintiff's objections, the court agrees with and wholly ADOPTS the magistrate judge's findings and recommendations in the Report (ECF No. 21), which are incorporated herein by reference. This action, therefore, is summarily DISMISSED with prejudice as to ALL DEFENDANTS EXCEPT DEFENDANT ALSTON.

**IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 15, 2023

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.