IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Demetrius Alexander Brown, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 4:22-cv-00012-TMC |
| v. | ) |
| | ) **ORDER** |
| Sgt. Alston, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Demetrius Alexander Brown, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging Defendant Sgt. Alston ("Alston") violated his constitutional violations while he was a pretrial detainee at the Sumter-Lee Regional Detention Center ("SLRDC"). (ECF No. 10).[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Plaintiff originally asserted claims against twelve additional Defendants; however, on March 15, 2023, the court entered an order summarily dismissing this action as to those twelve other defendants. (ECF No. 69). The court allowed the action to proceed as to Plaintiff's two claims against Alston: (1) that, following a bodily search of Plaintiff, Alston squeezed the handcuffs on Plaintiff's left wrist before removing them; and (2) that Alston put Plaintiff in protective custody in retaliation for Plaintiff having filed numerous lawsuits[2] and Prison Rape Elimination Act ("PREA") complaints. *Id.* at 3.

---

[1] Plaintiff is no longer detained at SLRDC. He is now housed at Turbeville Correctional Facility. (ECF No. 40).

[2] Plaintiff has filed a number of civil lawsuits relating to his arrest and/or his various stays of detention at SLRDC, each of which has ended with the court entering an order of dismissal or an

Alston filed a motion for summary judgment as to these remaining claims. (ECF No. 45). Plaintiff then filed a response in opposition (ECF No. 48), and Alston filed a reply (ECF No. 50). Now before the court is the magistrate judge's Report and Recommendation (the "Report") (ECF No. 52), recommending that the court grant Alston's motion for summary judgment. Plaintiff timely submitted twelve pages of objections plus exhibits. (ECF Nos. 54; 54-1). The matter is ripe for review.

**Background and Report**

*Excessive Force*

In the Report, the magistrate judge thoroughly recounts Plaintiff's factual allegations as well as the record evidence relating to Alston's summary judgment motion. (ECF No. 52 at 4 – 16 ). Because Plaintiff does not object to this general recitation of background information, the court incorporates this portion of the Report and need not recount the facts in detail here. Plaintiff claims that on April 15, 2021, Alston, Cpl. Thomas and Cpl. Howell came to his cell where he was in solitary confinement and hand handcuffed him and took him to the booking area for a bodily search. (ECF No. 10 at 21). While he was in booking being searched, his cell was also searched. *Id.* Plaintiff claims that, following the search, Alston, Cpl. Thompson and Sr. Cpl. Glisson escorted him back to his cell in handcuffs and, in his cell, Alston "squeezed the cuffs tighter" while removed Plaintiff's handcuffs. *Id.* at 23–24. Plaintiff admits that once the handcuffs had been removed, he pushed Alston and stated, "you faggot I don't play them gay games you were playing

---

order granting judgment on behalf of the defendants. *See Brown v. Dennis et al.*, No. 4:19-cv-2790-TMC, dkt. entry no. 79 (March 3, 2021); *Brown v. Dennis et al.*, No. 4:20-cv-00128-TMC, dkt. entry no. 53 (May 13, 2021); *Brown v. SLRDC et al.*, No. 4:21-cv-0670-TMC, dkt. entry nos. 77, 137 (March 9, 2023); Brown v. Gardner et al., No. 3:14-cv-04635-TMC, dkt. entry no. 11 (March 3, 2015); *Brown v. Major et al.*, No. 4:14-cv-04191-TMC, dkt. entry no. 80 (Nov. 18, 2015);

in booking." *Id*. at 24.  According to Plaintiff, Alston then came toward him and threatened him, but Sr. Cpl. Glisson held Alston back and drew his taser, and the officers exited the cell.  *Id*. Plaintiff suggests that it is Alston's fault Plaintiff pushed him because Alston failed to remove the cuffs through the cell door flap as required by SLRDC policy.  *Id.*  Defendants presented the affidavit of Clarence McMillan, an investigator at SLRDC during the relevant time period, who investigated the incident. (ECF No. 45-2 at 1 – 4). In his affidavit, McMillan indicated that Alston filed an incident report regarding the altercation which indicated, as Plaintiff admits, that Plaintiff pushed him and that he wished to pursue charges.  *Id*. McMillan interviewed Plaintiff, who again admitted pushing Alston but claimed "it was because Alston had tightened the handcuffs before taking them off."  *Id*. McMillan stated that Plaintiff had no apparent injury from this incident and that he never requested medical attention.  *Id*.  Alston and Sr. Cpl. Glisson also submitted affidavits attesting that Plaintiff never complained the handcuffs were tight or hurting his wrists prior to removal, that Alston removed the handcuffs quickly and that they used double-lock handcuffs to prevent them from accidentally tightening.  (ECF Nos. 45-3 at 3; 45-5 at 2).  McMillan spoke to each officer present and found that the officers acted appropriately, closing the cell door quickly to stop any escalation when Plaintiff appeared to become aggressive towards Alston.  (ECF No. 45-2 at 19).  McMillan later obtained an arrest warrant for Plaintiff, charging him with Assault and Assault and Battery in the 3rd degree.  On May 14, 2021, McMillan served Plaintiff with a copy of the arrest warrant.

     Noting that a pretrial detainee's excessive force claim is evaluated under the Fourteenth Amendment rather than the Eighth Amendment, the magistrate judge indicated Plaintiff "'must show only that the force purposely or knowingly used against him was objectively unreasonable,'" a standard that "turns on the perspective of a reasonable officer and must account for the state's

3

legitimate need to manage the correctional facility." (ECF No. 52 at 16 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). In applying this standard, courts should consider "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*. The magistrate judge concluded, in light of these considerations, that the evidence presented did not reflect any "incident of excessive force with regard to removing the handcuffs" and that "Plaintiff's allegations are devoid of factional content that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged" as there is no evidence Plaintiff complained that the handcuffs were overly tight on his left wrist or that Plaintiff requested medical care and there is no evidence that it was done intentionally. (ECF No. 52 at 17–18).

*Retaliation*

Plaintiff also claims Alston retaliated against him because he asserted a claim under the PREA on the grounds that Alston and other officers "made inappropriate comments during [the] strip search [in the booking area] that made him feel violated" and "caused him to react physically towards Sgt. Alston" and push him when his handcuffs were removed. (ECF No. 45-2 at 17). During McMillan's investigation of the PREA claim, Plaintiff admitted to McMillan that no one had touched him inappropriately or made sexually inappropriate comments and that he had simply taken offense to being told during the search "to spread his butt cheeks." *Id*. at 2. In his amended complaint, Plaintiff asserts that Alston, in retaliation for his filing a PREA claim, made him a target of other inmates by announcing to inmates in B-Pod that Plaintiff had been put into protective custody for snitching. (ECF No. 10 at 29).

4

The magistrate judge recognized that "'[r]etaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper.'" (ECF No. 52 at 18 (quoting *Am. Civil Liberties Union, Inc. v. Wicomico Cnty.*, 999 F.2d 780, 785 (4th Cir. 1993)). As explained in the Report, to succeed on a retaliation claim, Plaintiff must demonstrate that "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020). In addressing Plaintiff's retaliation claim, the magistrate judge stated that Plaintiff is asserting that he was placed in protective custody by Alston in retaliation for filing a PREA claim. (ECF No. 52 at 20). The magistrate correctly concluded Plaintiff's filing of a PREA report constituted protected First Amendment activity, (ECF No. 52 at 20); *see Roscoe v. Bentley*, No. 7:18-CV-00319, 2021 WL 4267716, at *12 (W.D. Va. Sept. 20, 2021) (recognizing First Amendment right to be free from retaliation for filing a PREA report), but determined that summary judgment is appropriate because the undisputed evidence shows that Plaintiff was already in protective custody prior to his filing a PREA complaint. (ECF No. 52 at 20).

*Liberty Interests*

Next, the magistrate judge addressed Plaintiff's claim that Alston violated his protected liberty interests when Alston tightened his handcuffs and when Alston stated, after Plaintiff pushed him, that he would "kill my fat ***" which constituted abusive and profane language in violation of South Carolina's Minimum Standards for Local Detention Facilities[3] ("Minimum Standards").

---

[3] The Minimum Standards are a set of policies and instructions for South Carolina jails and correctional facilities, the statutory authority for which is found at South Carolina Code Ann. §§ 24-9-10 through 24-9-50, which are set forth in full at the beginning of the Minimum Standards.

*Id.* at 21–25.⁴  The magistrate judge concluded that Alston is entitled to summary judgment on this claim because Plaintiff failed to show that Alston's alleged conduct "created an 'atypical or significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Id*. at 24 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

*Qualified Immunity*

Finally, the magistrate judge concluded that even if Alston violated Plaintiff's statutory or constitutional rights, Alston is entitled to qualified immunity as his conduct did not violate clearly established law at the time of the purported events.

**Standard of Review**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C.

---

*See* S.C. ASSOC. OF COUNTIES, Minimum Standards for Local Detention Facilities in South Carolina: Type II and/or IV Facility, City, County, or Regional Jail, and/or Combined Jail/Prison Camp, at 1–4 (July 26, 2013), https://www.sccounties.org/sites/default/files/uploads/publications/sc-jail-standards-final.pdf (last visited March 20, 2023).

⁴ Plaintiff, a frequent litigant who files voluminous pleadings, seems to have added or modified this assertion in response to Alston's motion for summary judgment. *See* (ECF No. 50 at 2).  The magistrate judge, out of an abundance of caution, addressed this latest iteration of Plaintiff's claim involving verbally abusive language and threats. (ECF No. 52 at 22–23).  However, this claim is subject to dismissal as Plaintiff failed to raise it until his response in opposition to summary judgment.  *See Harris v. Reston Hosp. Ctr., LLC*, 523 F. App'x 938, 946 (4th Cir. 2013) (concluding that the district court properly refused to consider an argument raised by the plaintiff for the first time in her response to the defendant's motion for summary judgment).

§ 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Finally, since Plaintiff is proceeding *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege

7

facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

Plaintiff submitted eleven pages of objections to the Report. (ECF No. 54). To the extent Plaintiff's objections are filled with the recitation of various general legal principles that are not in dispute or are irrelevant, these do not constitute specific objections to the magistrate judge's Report, and the court overrules them.

Plaintiff objects to the magistrate judge's consideration of the affidavit of Officer Howell (ECF No. 45-4), along with other evidence, in concluding that Alston should be awarded summary judgment on the excessive force claim. (ECF No. 54 at 1–2). In his affidavit, Officer Howell attested that he was involved in the April 15, 2021, search of Plaintiff's cell and remained nearby outside of the cell when Alston and Cpl. Glisson brought Plaintiff back from his strip search in booking. (ECF No. 45-4 at 1). Cpl. Howell claims he observed Plaintiff "put both of his hands on Sergeant Alston's chest and shove him backwards and appear[] to become very aggressive." *Id*. at 2. Howell states Cpl. Glisson then "pulled his taser to make sure the situation did not get out of hand, and [Alston and Glisson] quickly backed up and closed the cell door . . . in accordance with the policies and procedures and training we have." *Id*. Howell further attests that "Alston took off the handcuffs pretty quickly" and that he did "not think it was possible for officer Alston to [tighten Plaintiff's handcuffs], since they had been double locked." *Id*. at 3. Plaintiff contends Cpl. Howell was not present, however, and notes that the incident report (ECF No. 45-2 at 19) does not mention Cpl. Howell. (ECF No. 54 at 1–2). Thus, Plaintiff objects to the report on the basis that the magistrate judge relied on perjurious affidavit testimony. *See id*. This objection provides no reason to deviate from the Report's conclusions or recommendation with respect to

8

Plaintiff's excessive force claim. Cpl. Howell's testimony is essentially duplicative of the affidavits submitted by Alston (ECF No. 45-3) and Glisson (ECF No. 45-5), and Plaintiff does not object to the magistrate judge's reliance on Alston's affidavit or Glisson's affidavit. Even if Cpl. Howell's affidavit was not considered, Alston is nonetheless entitled to summary judgment on the excessive force claim.

Plaintiff also contends that, in contrast to the sworn affidavits of Alston and Glisson, the handcuffs were not double-locked and Alston was able to tighten them when removing them. (ECF No. 54 at 2). Plaintiff points to no admissible evidence supporting the idea that the handcuffs were double-locked; he relies solely on his unsworn statements offered in opposition to summary judgment. Moreover, Plaintiff does not object to the magistrate judge's findings that there is no evidence of an injury to Plaintiff's wrists, that Plaintiff sought any medical treatment or that Plaintiff complained that his handcuffs were too tight. Plaintiff, moreover, does not dispute or offer any evidence contradicting the officer's statements that the handcuffs were removed quickly. Accordingly, the court agrees with the magistrate judge's analysis and conclusions as to Plaintiff's excessive force claim and overrules this objection.

Plaintiff objections relating to his retaliation, *id*. at 3, and due process claims, *id*. at 3–6, are difficult to follow. The court notes that Plaintiff's retaliation claim has evolved and changed with each document filed by Plaintiff.[5] Plaintiff does not object, however, to the magistrate judge's characterization of Plaintiff's retaliation claim (that Alston placed Plaintiff in protective custody

---

[5] For example, in his objections, Plaintiff claims Alston tightened his handcuffs in retaliation for Plaintiff asking why his cell had been ransacked during the search. (ECF No. 54 at 3). Plaintiff also suggests that Alston falsely suggested to the inmate population that Plaintiff was in protective custody "from [Alston] implying I was telling on him about something." *Id*. at 5. These statements contrast markedly from the claims asserted by Plaintiff in his amended complaint and the claims argued by Plaintiff in response to summary judgment.

in retaliation for filing a PREA complaint, *see* (ECF No. 52 at 18)), and none of Plaintiff's objections pertain to the magistrate judge's basis in the Report for concluding Plaintiff cannot establish a retaliation claim. The court has carefully considered these particular objections and finds nothing that would require the court to deviate from the magistrate judge's recommended disposition.

Finally, Plaintiff objects at length to the Report's qualified immunity analysis. (ECF No. 54 at 6–11). The court agrees with the magistrate judge that Plaintiff has failed to establish any constitutional violation, let alone any violation of clearly established constitutional law. Plaintiff's objections regarding qualified immunity provide no basis to deviate from the magistrate judge's recommended disposition. Accordingly, the court overrules Plaintiff's objections addressing qualified immunity.

## Conclusion

Having thoroughly reviewed the Report, the relevant pleadings and Plaintiff's objections, the court agrees with and wholly ADOPTS the magistrate judge's findings and recommendations in the Report (ECF No. 52), which are incorporated herein by reference. Accordingly, the court **GRANTS** Alston's motion for summary judgment. (ECF No. 45).

**IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 27, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.